IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEONDRE WALKER, | ) | |
| | ) | |
| Petitioner, | ) | 4:07CV3208 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON, | ) | MEMORANDUM OPINION |
| | ) | |
| Respondent. | ) | |

The petitioner has filed a petition for writ of habeas corpus (Filing No. 1). Based on the allegations of his petition, he was convicted and sentenced by a Nebraska state court on May 26, 2005, and this judgment was affirmed by the Nebraska Supreme Court on December 8, 2006. *See also State v. Walker*, 272 Neb. 725, 724 N.W.2d 552 (2006). The pending petition for federal habeas relief raises the same claims the petitioner raised on direct appeal to the Nebraska Supreme Court, including his claims alleging ineffective assistance of counsel.

Under Nebraska law, a prisoner may file a post-conviction relief motion seeking to vacate or set aside a sentence on constitutional grounds "at any time in the court which imposed such sentence." Neb.Rev.Stat. § 29-3001 (1995). Walker's petition for habeas relief states he failed to pursue any state post-conviction proceedings before filing his habeas case in this forum. Exhaustion of available state post conviction relief is a necessary prerequisite to seeking federal

habeas relief under 28 U.S.C. § 2254.  *Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir. 2005)(*quoting O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).  As explained in *Rose v. Lundy*, 455 U.S. 509, 520 (1982):

> [O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.  Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.

*Rose*, 455 U.S. at 520.  Since the petitioner failed to exhaust his available state court remedies before filing this federal habeas claim, his petition for relief under 28 U.S.C. § 2254 is subject to sua sponte dismissal by this court.  *Rose*, 455 U.S. at 520; *Akins v. Kenney*, 410 F.3d 451, 455 (8th Cir. 2005).

This Court has the discretion to stay rather than dismiss a petitioner's habeas claim pending exhaustion of state post-conviction proceedings.  *Rhines v. Weber*, 544 U.S. 269, 276 (2005).  However, a federal stay should be available in only limited circumstances.  "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."

-2-

*Rhines*, 544 U.S. at 277. In determining whether a stay is appropriate, the Court may consider whether access to federal habeas review will be prejudiced if the case is dismissed, including whether the petitioner's federal habeas claims will be time-barred because the statute of limitations set forth in 28 U.S.C. § 2244(d)(1) expired while the habeas case was pending in federal court. *See Akins*, 410 F.3d 451, 455 (8th Cir. 2005). *See also Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)("The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment."). Although the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending is not counted toward the AEDPA statute of limitations (28 U.S.C. § 2244(d)(2)), the filing of a petition for habeas corpus in federal court does not toll the AEDPA statute of limitations. *Rhines*, 544 U.S. at 275.

The plaintiff's conviction and sentence were affirmed by the Nebraska Supreme Court on December 8, 2006. The one-year AEDPA statute of limitations has not expired. Dismissing this federal petition for habeas relief will not prejudice the plaintiff's ability to timely file a state post-conviction motion and, upon exhaustion of that available remedy, file a timely

-3-

petition for federal habeas review as appropriate. Therefore, the circumstances presented in this case do not justify staying this federal habeas proceeding. The plaintiff's habeas petition will be dismissed without prejudice for failure to exhaust available state post-conviction remedies. A separate order will be entered in accordance with this memorandum opinion.

DATED this 4th day of October, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court